**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0001700
09-APR-2014
08:20 AM**

NO. CAAP-13-0001700

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MONTY V. RIDEOUT, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(S.P.P. NO. 13-1-001K, CRIMINAL NOS. 91-054K, 91-095)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Leonard, JJ.)

Petitioner-Appellant Monty V. Rideout (**Rideout**) appeals
from the "Findings of Fact, Conclusions of Law, and Order Denying
Petitioner's Rule 40 Petition Without A Hearing," entered June
21, 2013 in the Circuit Court of the Third Circuit[1] (**circuit
court**). Rideout's Hawai'i Rules of Penal Procedure (**HRPP**) Rule
40 Petition sought post-conviction relief from his convictions
in: (1) CR. No. 91-054K for drug-related offenses committed on
March 5, 1991; and (2) CR. No. 91-095 for drug- and firearms-
related offenses also committed on March 5, 1991.

Rideout contends the circuit court erred by:

(1) failing to assign him counsel pursuant to HRPP Rule
40(i);

(2) failing to separate his claim for relief for
unlawful revocation of his parole under HRPP Rule 40(a)(2)(ii)
and (iii) from his due process, liberty interest, and double
jeopardy claims;

---

[1] The Honorable Ronald Ibarra presided.

(3) failing to grant him an evidentiary hearing pursuant to HRPP Rule 40(f);

(4) granting Respondent-Appellee State of Hawai'i's (**State**) untimely April 9, 2013 motion for an extension of time to answer; and

(5) failing to respond to his motions for summary judgment, assistance of counsel, and to expedite proceedings.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Rideout's appeal is without merit.

First, Rideout contends the circuit court erred by failing to assign counsel to represent him at parole violation hearings held in Washington state, where Hawai'i authorities had released him on parole on December 10, 1998. Rideout raised this claim pursuant to HRS § 355D-1 (Supp. 2013), Interstate Corrections Compact, which contains no provision requiring the assignment of counsel. See inter alia HRS § 355D-1. Rideout also indicates no evidence or argument supporting a colorable claim that the circuit court erred in failing to "refer the [HRPP Rule 40] petition to the public defender for representation" pursuant to HRPP Rule 40(i).

Second, contrary to Rideout's contention, HRPP Rule 40(c)(3) did not require the circuit court to order his due process, liberty interest, and double jeopardy claims "transferred . . . for disposition under the civil rules." Rideout fails to indicate how his due process, liberty interest, and double jeopardy claims are civil complaints that could be disposed of under civil rules. Cf. Hutch v. State, 107 Hawai'i 411, 420, 114 P.3d 917, 926 (2005) (concluding the lower court should transfer defendant's civil claims that he was denied access to a Federal Prison Guidebook and medically-necessary shoes for disposition under civil rules). Further, HRPP Rule 40 relief is inapplicable to these claims because Rideout fails to indicate extraordinary circumstances that prevented him from raising these issues during the circuit court proceedings or in

2

an appeal.  See HRPP Rule 40(a)(3).

Third, Rideout misinterprets HRS § 353-70 (1993)[2] and Hawaii Administrative Rules (**HAR**) § 23-700-53 (1992)[3] as supporting his contention that the circuit court should have held an evidentiary hearing on his HRPP Rule 40 Petition pursuant to HRPP Rule 40(f).[4]  None of these authorities require the HPA or the circuit court to hold an evidentiary hearing.

---

[2]     HRS § 353-70 governs final discharge for parolees and provides in pertinent part:

> §353-70 **Final discharge.**  Whenever, in its opinion, any paroled prisoner has given such evidence as is deemed reliable and trustworthy that the paroled prisoner will remain at liberty without violating the law and that the paroled prisoner's final release is not incompatible with the welfare of society, the [Hawai'i] paroling authority may grant the prisoner a written discharge from further liability under the prisoner's sentence.
>
> Any paroled prisoner who has been on parole for at least five years shall be brought before the paroling authority for purposes of consideration for final discharge and complete pardon. In the event the prisoner is not granted a final discharge and full pardon, the paroled prisoner shall be brought before the paroling authority for the aforementioned purposes annually thereafter.

(Emphases added.)

[3]     HAR § 23-700-53 provides:

> 23-700-53 Discharge after five years of parole.  When a parolee has been on parole status for five consecutive years, and not received a final discharge from sentence, [The Hawaii Paroling Authority (HPA)] shall consider the parolee for discharge on the completion of the fifth year and annually thereafter until the parolee is discharged or serves the parolee's full maximum term. Pardon recommendation to the Governor shall be a part of the consideration for final discharge.

(Emphasis added.)

[4]     HRPP Rule 40(f) provides in relevant part:

> (f) **Hearings.** If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without trace of support either in the record or from other evidence submitted by the petitioner. The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held during the course of the proceedings which led to the judgment or custody which is the subject of the petition or at any later proceeding.

3

Fourth, Rideout contends the circuit court erred in granting the State's April 9, 2013 motion for an extension of time to answer. This is also apparently based on a misreading of the law. HRPP Rule 40(d) permits the State to file its response "within such . . . time as the [circuit] court may allow[.]" The State's filing was timely because the circuit court permitted the State to respond by May 9, 2013.[5]

Rideout's fifth contention also misapplies the circuit court rules that appropriately apply to the parties. Hawai'i Rules of Civil Procedure (**HRCP**) Rules 8(d) and 12(a)(2) require responses and replies from <u>parties</u>.[6] Neither HRCP Rule 8(d) nor

---

[5]    HRPP Rule 40(d) provides:

> **(d) Response.** The State of Hawai'i shall be named as the respondent in the petition, and the petitioner shall serve the petition on the respondent by delivering a filed copy thereof to the prosecutor. Service may be made by the attorney for the petitioner, or the petitioner in a pro se case. <u>If it appears that the petitioner is unable to effect prompt service of a filed copy of the petition or other pleading under this rule, the court shall direct court staff to effect service on behalf of the petitioner. Within 30 days after the service of the petition or within such further time as the court may allow,</u> the respondent may answer or otherwise plead, but the court may require the State to answer at any time. Where the petition makes a showing of entitlement to immediate relief, the court may shorten the time in which to respond to the petition. The respondent shall file with its answer any records that are material to the questions raised in the petition which are not included in the petition.

(Emphasis added.)

[6]    HRCP Rule 8 provides in relevant part:

Rule 8. GENERAL RULES OF PLEADING.

    . . . .

> (d) Effect of Failure to Deny. Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.

HRCP Rule 12 provides in relevant part:

Rule 12. DEFENSES AND OBJECTIONS - WHEN AND HOW PRESENTED - BY PLEADING OR MOTION - MOTION FOR JUDGMENT ON THE PLEADINGS.

> (a) When Presented.

(continued...)

Rule 12(a)(2) required the circuit court to respond to Rideout's motions for summary judgment, assistance of counsel, and to expedite proceedings.[7]

Therefore,

IT IS HEREBY ORDERED that the "Findings of Fact, Conclusions of Law, and Order Denying Petitioner's Rule 40 Petition Without a Hearing," entered June 21, 2013 in the Circuit Court of the Third Circuit is affirmed.

DATED:  Honolulu, Hawai'i, April 9, 2014.

On the briefs:

Monty V. Rideout
Petitioner-Appellant pro se.

Lisa M. Itomura
Diane K. Taira
Deputies Attorney General
for Respondent-Appellee.

Chief Judge

Associate Judge

Associate Judge

---

[6](...continued)

.  .  .  .

(2) A party served with a pleading stating a cross-claim against that party shall serve an answer thereto within 20 days after being served.  The plaintiff shall serve a reply to a counter-claim in the answer within 20 days after service of the answer or, if a reply is ordered by the court, within 20 days after service of the order, unless the order otherwise directs.

[7]    Rideout does not cite to the record to indicate his motion for assistance of counsel nor has review of the record disclosed such a motion. This may indicate his "motion" was part of his HRPP Rule 40 petition.